**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2556
_____

GEORGE F. TROMBETTI; DESAREE R. ICZKOWSKI,
                                        Appellants

v.

BOROUGH OF ALDAN; DELAWARE COUNTY TAX CLAIM BUREAU; JOHN
WHITE, Borough Manager, Aldan; KAREN DUFFY, Tax Bureau Manager; STEVEN
ZIVIELLO, Chief of Aldan Police Department; OFFICER ANDREW DURIS, Aldan
Police Department; OFFICER KENNETH COPPOLA, JR., Aldan Police Department;
OFFICER RYAN BELL, Aldan Police Department; OFFICER ZAHNER, Aldan Police
Department; DAVID CLARK, Foreclosure Purchaser, Associated with Nathan Goode;
JAMES F. BURGER; DAVE SMITH, Plaintiff's Uncle, Aldan Borough Associate;
THERESE SMITH, Plaintiff's Aunt, Law Enforcement Contact; BILLY PLYMOUTH,
Property Pal Fraud Plaintiff with David Clark; JOHN GOULD, Clifton Heights Emergency
Management; NATHAN KRAUTHAMER; THERESE M. BURGER; NATHAN GOODE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-01362)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2026
Before: MATEY, MONGTOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed April 29, 2026)
_____

_____

PER CURIAM

George Trombetti and his fiancée, Desaree Iczkowski, appeal *pro se* and *in forma pauperis* from the District Court's order dismissing their amended complaint with prejudice. We will affirm.

I.

Trombetti and Iczkowski ("Plaintiffs" or "Appellants") initiated this matter in March 2025 by filing a threadbare complaint and a series of supplemental memoranda, affidavits, and exhibits (collectively exceeding 2,100 pages) alleging a grand conspiracy between nearly two dozen Pennsylvania state actors, estranged family members, and private individuals to, *inter alia*, fraudulently procure his late mother's organs following her death in Florida and to foreclose upon his home in Aldan Borough, Delaware County. Plaintiffs invoked 42 U.S.C. § 1983, the National Defense Authorization Act's ("NDAA") whistleblower protections, the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, and numerous federal criminal statues; they also asserted more than a dozen claims under Pennsylvania law. The United States District Court for the Eastern District of Pennsylvania screened their complaint and supplemental filings pursuant to 28 U.S.C. § 1915(e)(2), dismissed the bulk of their

This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

federal claims without prejudice for noncompliance with Rule 8 of the Federal Rules of Civil Procedure,[1] declined to exercise supplemental jurisdiction over their common-law claims, and granted them leave to amend, which they did.[2]

Plaintiffs' amended complaint was nearly twice as long as the original, but it fared little better. They added to their initial pleadings new allegations of, among other things, healthcare fraud and "clinical homicide," as well as violations of Florida law, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the Racketeer Influenced Corruption Organizations ("RICO") Act—all in conjunction with the 2021 death of Trombetti's mother and the donation of her organs. Trombetti asserted that, after reporting his concerns about the harvesting process to federal or state health officials in Florida, Delaware County tax officials and other state actors in Pennsylvania conspired with his relatives to foreclose upon his home in retribution. For her part, Iczkowski, who is hearing impaired, alleged that "Defendants failed to accommodate her

---

[1] The court dismissed the complaint with prejudice to the extent Plaintiffs relied upon federal criminal statutes for their claims. The court also denied Iczkowski's motion for appointment of counsel, and the couple's numerous requests for emergency relief, including a motion seeking Trombetti's immediate release from custody in connection with a state criminal matter.

[2] A prior iteration of Plaintiffs' lawsuit was dismissed without prejudice for failure to prosecute after they failed to timely file a second amended complaint following the dismissal of the operative pleading on Rule 8 grounds. *See Trombetti v. White*, No. 2:25-cv-00040, Docs. 10, 11 (E.D. Pa.). Plaintiffs did not appeal that ruling.

disability during enforcement actions and actively obstructed her participation in criminal reporting." *See* ECF Doc. 39 at 15.

The District Court screened the amended complaint and found it to be noncompliant with Rule 8 as well. The court further determined that Plaintiffs failed to state a claim. Construing their prolix pleadings as best it could, the court identified "four claims asserted against all Defendants," which it grouped as follows: (1) federal whistleblower retaliation in violation of the NDAA; (2) First Amendment retaliation and Fourteenth Amendment due process and equal protection violations under Section 1983 in connection with the foreclosure of Trombetti's home; (3) conspiracy to deny Plaintiffs their civil rights in violation of 42 U.S.C. § 1985; and (4) Iczkowski's claims under Title II of the ADA.

The court began by dismissing all claims against eight private individuals—four family members, a real-estate agent, the man who purchased Trombetti's home, the buyer's associate, and a Florida "intelligence" contractor with ties to the hospital where Trombetti's mother died—for want of a "close nexus" between their alleged activities and those of any state actors involved in the foreclosure. The court then dismissed the whistleblower claim because neither Plaintiff was an employee of an entity receiving federal funds, they did not exhaust their administrative remedies before filing suit, and the retaliation they supposedly suffered was not at the hands of their employers. Plaintiffs did not plausibly allege a causal link between the report of organ-donation

4

fraud in Florida and the home foreclosure in Pennsylvania so as to support a First Amendment retaliation claim, and their civil conspiracy claims floundered because they did not plead racial or other class-based animus as required under Section 1985(3).

Plaintiffs' Fourteenth Amendment claims failed for several reasons. Trombetti's implausible whistleblower allegations did not encompass a life, liberty, or property interest under the Due Process Clause, and neither Plaintiff contended that he or she was treated differently than other similarly situated people for equal protection purposes. Municipal liability would not lie, moreover, because Plaintiffs did not assert that their constitutional injuries resulted from a policy or custom of Delaware County or Aldan Borough. Trombetti did not plausibly allege that the manager of the county's Tax Claim Bureau was personally involved in depriving him of due process, or that he was unable to contest his tax assessment and delinquency through available legal mechanisms. And, in any event, the court explained that it lacked jurisdiction under the Tax Injunction Act to halt his eviction or the sale of his home because of his local tax problems, for which he had adequate remedies at state law.

Lastly, the District Court determined that Iczkowski did not adequately plead how any of the specific ADA violations listed in the amended complaint constituted an exclusion from or a denial of a public service or benefit due to her disability. Apart from naming non-party "Officer Hollabaugh" as someone who once declined to take a report regarding a hate crime that Iczkowski says she experienced, the pleadings did not identify

5

any Borough police officer who refused to "assist" her in filing reports, indicate when those events occurred, or otherwise substantiate her conclusory allegations that the conduct violated the ADA. Plaintiffs did not name anyone who improperly "profiled" Iczkowski, and they likewise failed to identify the public entity that purportedly evicted her and seized her home without an ADA accommodation, let alone allege that she personally owned such a home or had an ownership interest in Trombetti's property.

Because Plaintiffs failed to plausibly state a claim or to comply with Rule 8 after two attempts to do so, the District Court dismissed their amended complaint with prejudice. Plaintiffs appeal and request oral argument.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of a complaint under Section 1915(e) for failure to state a claim *de novo*, accepting Appellants' factual allegations as true and drawing all reasonable inferences in their favor. *See Dooley v. Wetzel*, 957 F.3d 366, 373-74 (3d Cir. 2020) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

## III.

Appellants take issue with various aspects of the District Court's decision. None of their arguments is persuasive. Their briefs focus largely upon the dismissal of Trombetti's whistleblower retaliation claim and Iczkowski's ADA claim. The District

Court correctly concluded that Trombetti failed to plausibly allege that he was subject to retaliation by his employer, a necessary element under 41 U.S.C. § 4712.

Izckowski's ADA claim similarly is meritless. Appellants contend that the District Court dismissed those claims "without explanation." *See* C.A. Doc. 6 at 15. To the contrary, the court set forth the applicable *prima facie* standard under Title II of the ADA and explained how each of Iczkowski's allegations fell short. *See* ECF Doc. 39 at 15-17. Appellants insist that Aldan police officers "denied ADA accommodations," *see* C.A. Doc. 6 at 13, but they never specified in their pleadings what, if any, accommodations were requested and refused.

The District Court correctly pointed out that the amended complaint did not identify the perpetrators of several alleged ADA violations—namely the refusal to assist Iczkowski with filing police reports, her eviction and the seizure of her home without accommodation,[3] and any behavioral profiling—or include allegations about when the

---

[3] To the extent Iczkowski's eviction claim relates to the foreclosure of Trombetti's residence by Delaware County authorities, the District Court rightly observed that Appellants' own averments consistently refer to that property as his exclusively, undermining any suggestion that she had an enforceable interest in the foreclosure and eviction process. *See* ECF Doc. 43 at 15 n.63; *see, e.g.*, ECF Doc. 39 at 18 (seeking, among other relief, the restoration of "Plaintiff's title to *his* property at 129 Shisler Avenue") (emphasis added). Iczkowski never asserted that she requested an accommodation in connection with those proceedings, nor has she plausibly alleged that her disability was a but-for cause of their commencement or adverse outcomes. *See Haberle v. Troxell*, 885 F.3d 170, 179 (3d Cir. 2018) (acknowledging "but for" cause as governing standard for ADA Title II claims) (citations omitted). Indeed, even Trombetti appears to have conceded that his tax debts alone precipitated those results. *See* ECF Doc. 39 at 17.

events occurred.  Appellants identified "Officer Hollabaugh" as someone who once refused to accept Iczkowski's report of a hate crime, but they neither named him as a defendant nor did they "adequately ple[a]d that the Borough acted with deliberate indifference to the risk of an ADA violation" under the circumstances, a necessary element of their ADA claim for money damages.  *See Haberle*, 885 F.3d at 181 (citing *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261 (3d Cir. 2013) (articulating standard for holding municipalities vicariously liable for ADA violations under Title II)).  And to the extent Iczkowski sought only injunctive relief, we agree with the District Court that she failed to allege sufficient facts to show that she was discriminated against by, or denied the benefits or services of, a public entity because of her disability.  *See Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023) (setting forth elements of Title II claim).  Appellants simply fail to grapple with these obvious pleading deficiencies.

The amended complaint's most detailed ADA allegations involve "threats" to Iczkowski's service dog.  *See* ECF Doc. 39 at 15.  She averred that the dog was at Trombetti's home on March 12, 2024, when it was "antagonized" by a Raymour & Flanigan furniture delivery truck that was "directed to jackknife into [his] driveway," purportedly as part of a "disruption operation" orchestrated by John Gould, chief code enforcement officer of neighboring Clifton Heights Borough, and an unnamed Aldan Borough employee.  *See id.* at 7, 15.  The ADA requires covered actors to "accommodate

8

the use of service animals by individuals with disabilities," *see Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 118-20, 123 (3d Cir. 2018), and prohibits "adverse actions motivated by prejudice and fear of disabilities," *see Haberle*, 885 F.3d at 180 (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)). Given that the event Iczkowski described occurred on the curtilage of a private residence, it is unclear how the conduct could have constructively denied her the use or enjoyment of a public service or accommodation even if her service dog reacted poorly to the truck's presence. Moreover, Iczkowski did not plausibly allege that Gould's actions specifically were motivated by prejudice or fear of her disability as opposed to being part and parcel of the general "conspiracy . . . to target and harass" Trombetti. *See* ECF Doc. 39 at 7.[4] Her claim fails for those reasons as well.

We see no error in the District Court's thorough and well-reasoned decision to dismiss Appellants' amended complaint with prejudice for failure to state a claim. Accordingly, we deny Appellants' request for oral argument, and we will affirm the District Court's judgment.

---

[4] Appellants assert in their brief that Police Officer Ryan Bell threatened to shoot Iczkowski's dog and that "borough code enforcement [was] involved in several reported incidents using targeted noise pollution directed at Ms. Iczkowski or her service animal," *see* C.A. Doc. 6 at 15-16, but those allegations appear nowhere in the amended complaint.